UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Montgomery,<br><br>       Plaintiff,<br><br>vs.<br><br>Al Cannon;<br>Mitch Lucas;<br>Officer NFN Wright;<br>Officer NFN Williams;<br>Charleston County Detention Center; and<br>Corporal NFN Goodyear,<br><br>       Defendants. | C/A No. 6:06-3034-GRA-WMC<br><br>**Report and Recommendation** |

This is a civil rights action filed *pro se* by a detainee at a local detention center.[1] Plaintiff is currently confined at the Charleston County Detention Center. In his Complaint he makes serious allegations about the living conditions he has endured while incarcerated. He claims that the conditions are unhygienic and overcrowded and that he has become ill at various times as a result of the poor conditions and his having to be housed in close proximity to other sick detainees. Although Plaintiff's allegations are serious, and although he names several individuals who appear to be employed at the detention center as Defendants in the appropriate space on his complaint form, Plaintiff completely fails to allege, within the body of his Complaint, how any of the named Defendants are involved in or responsible for the allegedly unconstitutional conditions of confinement to which he has been subjected. This lack of factual allegations of individual responsibility or vicarious liability of any of the named Defendants is fatal to his case at this stage of the litigation.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Complaint is subject to summary dismissal as to all named Defendants because, following a careful review of the Complaint, there are absolutely no allegations contained in the Complaint specifically against any Defendant. Plaintiff does not allege that any of the Defendants personally played any part in allowing the conditions of the detention center to deteriorate, nor

does he allege that he reported the allegedly unconstitutional conditions to any of the named Defendants but they refused to act to correct them. There are no allegations that any of the Defendants were aware of the allegedly unconstitutional activities of any individual employee(s) or official(s). Thus, Plaintiff has not alleged any "pervasive and unreasonable risk of harm from *some specified source . . .* " nor has he alleged that Sheriff Cannon or any other Defendant's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices],' " 737 F.2d at 373 (emphasis added), as required to state a viable claim of supervisory liability in § 1983 cases. *See* Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994); Slakan v. Porter, 737 F.2d 368, 370-75 (4th Cir. 1984). Even though this Court is required to liberally construe *pro se* pleadings, it is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Where there are no allegations of responsibility specifically naming any Defendant, there is nothing for this Court to liberally construe. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Since there are no allegations of any wrongdoing on the part of any named Defendant, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to each Defendant. *See* Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Furthermore, Defendant Charleston County Detention Center is not a proper Defendant in this case, and, accordingly, the Complaint is subject to summary dismissal as to this Defendant. The Charleston County Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. Hence, the Charleston County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

November 22, 2006
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).